# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ANOA N'DIAYE,

         Plaintiff,

   v.

COMMUNICATIONS
WORKERS OF AMERICA,

         Defendant.

Civil Action No. 12-CV-1731 (AK)

## MEMORANDUM OPINION

Plaintiff Ms. Anoa N'Diaye ("Plaintiff" or "Ms. N'Diaye") sued Defendant Communications Workers of America ("Defendant" or "Union") for breach of duty of fair representation.  Defendant Union filed a Motion to Dismiss ("Def.'s Mot.") [10] and Ms. N'Diaye filed an Opposition to the Motion ("Pl.'s Opp'n") [11].  The undersigned held a Motions Hearing on April 17, 2013.  Given that Ms. N'Diaye's Complaint was not filed within the applicable statute of limitations, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** the case with prejudice.

## BACKGROUND

Ms. N'Diaye was employed by United Planning Organization ("UPO") as an Adult Literacy Educator from December 3, 2007, to March 18, 2011.  Ex. A of Def.'s Mot. [10-2] at 1. She was a member of the Union from the beginning of her employment and served as a Union Steward from 2009 to 2011.  *Id.*  Her current suit arose out of the Union's representation of her in two independent grievance issues.  *Id.*

Ms. N'Diaye's first grievance arose from an incident when she sent an email on December 17, 2008, stating "I do not celebrate any white supremacist hollow days."  *Id.* at 2.  On January 5, 2009, UPO issued her a written warning with thirty days of probation, which Ms. N'Diaye successfully completed.  *Id.*  The Union filed grievance #09-UPO-001 against UPO on February 20, 2009, alleging that the written warning and probation were unjustified.  *Id.*  UPO alleged that the grievance was untimely, yet accepted it and failed to inform Ms. N'Diaye that it

was untimely until March 6, 2009.  *Id.*  On May 20, 2009, the UPO Chief Operating Officer denied the grievance, finding that the violations and their consequences were appropriate.  *Id.*  Ms. N'Diaye alleged that the Union never forwarded the decision to her and she instead received the decision from UPO several months later.  *Id.*  She alleged that the Union failed to submit an objection to UPO within five working days of the decision.  *Id.*

Ms. N'Diaye's second grievance arose out of negative performance evaluations issued by her supervisor, Ms. Toya Lynch, on November 3, 2009.  *Id.*  Ms. N'Diaye filed grievance #09-UPO-012 the following day, alleging that her supervisor's claims of substandard work performance were unsubstantiated.  *Id.*  On November 6, 2009, the UPO Director of Asset Development informed her that the evaluation was "not grievable," but stated that she could write a rebuttal to the evaluation and discuss the evaluation with her supervisor with the hopes of amending it.  *Id.*  The Union agreed to represent Ms. N'Diaye in both grievances.  *Id.*  On December 3, 2009, UPO's Human Resources Director stated that UPO's official decision was that the performance evaluations could not be grieved.  *Id.* at 3.

Over six months later, on June 24, 2010, Ms. N'Diaye, her supervisor, and a Union representative had a meeting during which the supervisor provided Ms. N'Diaye with documentation supporting the negative performance evaluations.  *Id.*  This meeting had been cancelled on two other occasions in May.  Ex. 1a of Pl.'s Opp'n [11] at 11.  Ms. N'Diaye attempted to offer documentation as to why her supervisor's actions were retaliatory, but the Union failed to accept the documents.  Ex. A of Def.'s Mot. [10-2] at 3.  On September 9, 2010, Ms. N'Diaye sent a written rebuttal of her performance evaluations to several UPO staff members.  *Id.*  On September 30, 2010, she sent a letter to Mr. Michael Harris, the President of the Union AFL-CIO Local 2336 requesting arbitration on the grievances.  *Id.* at 4.  Throughout October and November 2010, Mr. Harris and Ms. N'Diaye exchanged a series of emails in which Mr. Harris represented that the Union would appeal her grievances and not compromise her ability to sue.  *Id.*; Ex. 5, 6, 8-10, 12 of Pl.'s Opp'n [11].  On November 8, 2010, Mr. Harris sent the CEO of UPO a proposed settlement letter stating that further information needed to be exchanged before the grievances could proceed to a hearing request.  Ex. A of Def.'s Mot. [10-2] at 4; Ex. 11 of Pl.'s Opp'n [11] at 25.  This information was not exchanged.  Ex. A of Def.'s Mot. [10-2] at 4.

On December 3, 2010, UPO rejected the Union's proposal as to both grievances and noted that the UPO recorded the grievances as closed. Ex. 13 of Pl.'s Opp'n [11] at 27. As to the first, it stated that the grievance decision had not been timely appealed and as to the second, it reiterated that the evaluations could not be grieved. *Id.* The Union replied on December 13, 2010, appealing and requesting arbitration. Ex. 15 of Pl.'s Opp'n [11] at 30. On February 3, 2011, Mr. Harris told Ms. N'Diaye that the grievance about her evaluations was on hold pending contractual issues between UPO and the Union. Ex. A of Def.'s Mot. [10-2] at 4. On March 8, 2011, Dennis Serrete, a Union Representative, wrote a letter to Ms. N'Diaye informing her that the Union considered the case closed and did not intend to pursue it to arbitration. *Id.* at 5. Ms. N'Diaye was terminated from her employment with UPO on March 18, 2011. *Id.* at 1. In April 2011, Ms. N'Diaye communicated with Union District 2 Vice-President Ronald Collins in which he upheld the decision to deny arbitration. *Id.* at 6. Ms. N'Diaye appealed this decision and then, in a June 10, 2011, letter, Union President Larry Cohen denied her appeal. *Id.* Ms. N'Diaye's then-attorney, Ricardo J.A. Pitts-Wiley, sent a letter to Union President Larry Cohen on September 2, 2011, requesting an informal resolution in lieu of litigation due to the failure of the Union to properly represent Ms. N'Diaye. *Id.* at 1. Ms. N'Diaye subsequently filed the instant action in Superior Court of the District of Columbia on September 28, 2012. Notice of Removal [1] at 9. Ms. N'Diaye confirmed during the Motions Hearing that she took no action on her case between former attorney Pitts-Wiley's letter and the filing of her complaint in Superior Court. Hr'g 4/17/2013. The Union removed the case to this Court on October 23, 2013. Notice of Removal [1]. After initially appearing before U.S. District Court Judge James Boasberg, the parties consented to proceed before a magistrate judge for all purposes. Consent to Proceed before U.S. Magistrate Judge for All Purposes [13] [14] [15].

## LEGAL STANDARD

In a Motion to Dismiss for failure to state a claim upon which relief can be granted under 12(b)(6) of the Federal Rules of Civil Procedure, the Court must consider only facts within the complaint itself. *Kitt v. Pathmakers, Inc.*, 672 A.2d 76, 79 (D.C. Cir. 1996). Under the Rule itself, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P.

12(d).  Here, Defendant Union filed a Motion to Dismiss.  [10]  In its Motion, Defendant included the Union's Collective Bargaining Agreement and a Letter from Ms. N'Diaye's former attorney, Ricardo J.A. Pitts-Wiley.  Ex. A [10-1] and Ex. B [10-2] of Def.'s Mot.  However, it explicitly noted that these documents do not convert its Motion to one for Summary Judgment. Def.'s Mot. [10-1] at 4 n. 1, 5 n.2.  In her Opposition, Ms. N'Diaye included a number of documents to further explain her claim.  Pl.'s Opp'n [11] at 10-31.  Given that the Court considered the supplemental exhibits from both parties and provided both parties the opportunity to provide further evidence and argument during the April 17, 2013, Hearing, the Court will treat Defendant's Motion as a Motion for Summary Judgment.

Under Federal Rules of Civil Procedure 56, a grant of summary judgment is appropriate when the record shows no genuine issue of material fact and the moving party deserves judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party has the initial burden to inform the court of the foundation for its motion and identify segments of the record demonstrating an absence of genuine dispute of material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may utilize the pleadings, depositions, interrogatory answers, admissions, and affidavits to fulfill this burden. Fed. R. Civ. P. 56(c) as cited in *Celotex Corp.*, 477 U.S. at 323. When ruling on a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *McCready v. Nicholson*, 465 F.3d 1, 7 (D.C. Cir. 2006). Summary judgment is "rarely granted in personal injury cases because the issues of breach of duty and proximate causation are normally held to be questions of fact for the jury," yet the nonmoving party still has an obligation to demonstrate there is a genuine issue of fact about the defendant's negligence. *Gumppert v. United States*, 1993 U.S. Dist. LEXIS 13904, *3 (D.D.C. 1993).

## **DISCUSSION**

The Court is precluded from reaching the merits of Ms. N'Diaye's breach of duty of fair representation claim because her claim is barred by the statute of limitations.  Under the Supreme Court's decision in *DelCostello v. Int'l Brotherhood of Teamsters*, a claim for breach of duty of

-4-

fair representation has a six-month statute of limitations. 462 U.S. 151, 169-170 (1983).  The

Supreme Court held that the six-month statute of limitations under Section 10(b) of the National

Labor Relations Act applies to hybrid claims when a plaintiff sues his or her union for breach of

duty of fair representation and his or her employers for breach of the collective bargaining

agreement.  *Id.*  The Court of Appeals for the District of Columbia Circuit applied *DelCostello*'s

six-month statute of limitations when the plaintiff filed a breach of duty of fair representation

claim solely against his or her union without filing a suit against his employer.  *George v. Local

639, Int'l Brotherhood of Teamsters*, 100 F.3d 1008, 1011-1012 (D.C. Cir. 1996).

The statute of limitations for a breach of duty of fair representation claim begins to run

when the plaintiff "discovers, or in the exercise of reasonable diligence should discover, the acts

that form the basis of his claim."  *McConnell v. Air Line Pilots' Ass'n, Int'l*, 763 F.Supp.2d 37,

41 (D.D.C. 2011).  This event occurs when "the employee knows or should have known of the

last action taken by the union which constituted the alleged breach of its duty of fair

representation."  *Watkins v. Commc'n Workers of Am., Local 2336*, 736 F. Supp. 1156, 1159

(D.D.C. 1990).  This action of breach can occur when a union stops pursuing the claimant's

grievance.  *Cephas v. MVM, Inc.*, 520 F.3d 480, 488 (D.C. Cir. 2008).

Ms. N'Diaye's claim is barred because she failed to timely file suit against the Union.

According to both Ms. N'Diaye and the Union, the last time the Union informed Ms. N'Diaye

that it would not be appealing her claims was through Union President Larry Cohen's letter on

June 10, 2011.  Ex. A of Def.'s Mot. [10-2] at 6; Hr'g 4/17/2013.  While Ms. N'Diaye's then-

attorney, Mr. Pitts-Wiley, directed informal communications to the Union, Ex. A of Def.'s Mot.

[10-2], no official lawsuit was filed in the case until Ms. N'Diaye did so in Superior Court on

September 28, 2012.  Notice of Removal [1] at 9.  The Court was not provided a copy of

President Cohen's June 10, 2011, letter, so it is unable to evaluate the precise language the

Union's representative used in this denial.  However, former attorney Mr. Pitts-Wiley stated

"CWA President Larry Cohen further denied Ms. N'diaye's appeal."  Ex. A of Def.'s Mot. [10-

2] at 6.  At the April 17, 2013, Hearing, both parties represented that this was the final

communication from the Union to Ms. N'Diaye.  Hr'g 4/17/2013.  Additionally, Ms. N'Diaye

represented that she took no action between former attorney Mr. Pitts-Wiley's September 2,

2011, letter and the filing of her complaint on September 28, 2012.  *Id.*  Accordingly, on June 10,

2011, Ms. N'Diaye should have known that the Union had stopped pursuing her grievances.  The

six-month statute of limitations ran on December 10, 2011.  Ms. N'Diaye admitted that she first initiated court action September 28, 2012, well over a year after President Cohen's letter.  Even if the Court were to consider the date of Mr. Pitts-Wiley's letter as the last contact between Ms. N'Diaye and the Union, she still filed her case well over six months after this letter was sent.  Therefore, her claim is barred by the statute of limitations and the Court is precluded from considering the merits of her claim.

## <u>CONCLUSION</u>

Given that Plaintiff Ms. N'Diaye failed to file suit within the six-month statute of limitation, her claim is time-barred.  The Court is accordingly precluded from considering the merits of her case.  Therefore, Defendant Union's Motion to Dismiss is **GRANTED** and the case shall be **DISMISSED WITH PREJUDICE.**


DATE:_6/7/2013____                                    _____/s/_____

                                                      ALAN KAY

                                                      UNITED STATES MAGISTRATE JUDGE